UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CHRISTOPHER VAN GUILDER,

                Petitioner,

    v.

SUPERINTENDENT TYNON, WASHINGTON
CORRECTIONAL FACILITY,

                Respondent.

---------------------------------------------------------------

NOT FOR PUBLICATION

**TRANSFER ORDER**
20-CV-2839 (MKB)

MARGO K. BRODIE, United States District Judge:

    Petitioner Christopher Van Guilder, proceeding *pro se* and currently incarcerated at Washington Correctional Facility, filed a petition for a writ of habeas corpus on June 25, 2020 pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction in the New York Supreme Court, Saratoga County. (Pet., Docket Entry No. 1.) For the reasons discussed below, the Court transfers this action to the United States District Court for the Northern District of New York.

    **I.    Discussion**

    The Eastern District of New York is not the proper venue for this action. A petition for habeas corpus "may be filed in the district court for the districts wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). In addition, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York instruct that "applications for a writ of habeas corpus . . . shall be filed, heard and determined in the District Court for the district within which [the petitioner was] convicted and sentenced." L. Civil R. 83.3. Because Petitioner challenges his Saratoga County, New York conviction, the Northern

District of New York is the proper venue for this action, and the Court transfers this case to that district. *See* 28 U.S.C. § 112(d) (stating that Saratoga County is in the Northern District of New York); 28 U.S.C. § 1406(a) (stating that a district court may transfer a case filed in the wrong district "to any district . . . in which it could have been brought").

## II.     Conclusion

Accordingly, the Court directs the Clerk of Court to transfer this petition to the Northern District of New York. The Court waives the provision of Local Rule 83.1 which requires a seven-day stay. No summons shall issue from this Court. The Clerk of Court is directed to close this case and mail a copy of this Order to Petitioner at the address of record.

Dated: Brooklyn, New York
       July 2, 2020

                                        SO ORDERED:


                                            s/ MKB
                                        MARGO K. BRODIE
                                        United States District Judge